UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ADRENA H. o/b/o A. S.-H.[1]

        Plaintiff,

    v.                                Civil Action 1:25-cv-593
                                          Magistrate Judge Chelsey M. Vascura

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint, or, alternatively, Motion for Summary Judgment ("Motion to Dismiss"). (ECF No. 8.) Plaintiff, who appears *pro se*, has not filed a response. For the reasons that follow, Defendant's Motion to Dismiss is **GRANTED**.

### I.      BACKGROUND

Plaintiff has a multitude of *pro se* fillings. First, at the at the administrative level, Plaintiff filed two applications for Supplemental Security Income ("SSI") on behalf of A.S.-H., a minor child. One application, filed in April 2022, was granted in July 2023. (Def.'s Motion to Dismiss Ex. 3, ECF 8–1, at PageID # 340.)

Before that successful application, however, Plaintiff filed an earlier application in August 2020. (Def.'s Motion to Dismiss Ex. 1, ECF 8–1, at PageID # 335.) The 2020 application

---

[1] Pursuant to this Court's General Order 22-01, any opinion, order, judgment, or other disposition in Social Security cases shall refer to plaintiffs by their first names and last initials.

was denied initially and upon reconsideration. (*Id*.) Plaintiff then filed an untimely *pro se* request for a hearing. (*Id*.) But because she failed to establish good cause for the untimely filing, the hearing request was denied in February 2022. (*Id*., at PageID # 335–6.) The Appeals Council ("AC") denied Plaintiff's request for review in December 2022. (Def.'s Motion to Dismiss Ex. 2, ECF No. 8–1, PageID # 337.)

Plaintiff then sought judicial review of that final determination by filing a *pro se* Complaint in this Court on December 8, 2022 (the "First Case"). (Complaint, *Andrena H. v. Comm'r of Soc. Sec.*, S.D. Ohio Case No. 1:22-cv-00729, ECF No. 5.) The Court dismissed the First Case with prejudice in September 2023 after Plaintiff failed to file a Statement of Errors within forty-five days after the administrative record was filed, as required by S.D. Ohio Civ. R. 8.1(b). (Order, *Andrena H. v. Comm'r of Soc. Sec.*, S.D. Ohio Case No. 1:22-cv-00729, ECF No. 10.)

In July 2024, however, Plaintiff moved to reopen the First Case. (Motion, *Andrena H. v. Comm'r of Soc. Sec.*, S.D. Ohio Case No. 1:22-cv-00729, ECF No. 12.) And while that Motion to Reopen was pending, Plaintiff filed another *pro se* Complaint in this Court on November 14, 2024 (the "Second Case"). (Complaint, *Andrena H. o/b/o A.S.H. v. Comm'r of Soc. Sec.*, S.D. Ohio Case No. 1:24-cv-00655, ECF No. 5.) After Defendant moved to dismiss, the Court found that the First and Second Cases both concerned the unsuccessful 2020 SSI application given that the 2022 SSI application had been granted. (Order, *Andrena H. o/b/o A.S.H. v. Comm'r of Soc. Sec.*, S.D. Ohio Case No. 1:24-cv-00655, ECF No. 8.) The Court further concluded that the claims in the Second Case were barred by *res judicata* because they involved the same SSI application at issue in the First Case. (*Id*.) Accordingly, the Court dismissed the Second Case with prejudice in April 2025. (*Id*.)

In May 2025, the Court denied Plaintiff's Motion to Reopen the First Case. (Order, *Andrena H. v. Comm'r of Soc. Sec.*, S.D. Ohio Case No. 1:22-cv-00729, ECF No. 13.) The Court also certified that any appeal would not be in good faith, and therefore, any motion to appeal *in forma pauperis* would be denied. (*Id*.) Plaintiff was advised that she could nevertheless seek leave to proceed *in forma pauperis* in the Sixth Circuit Court of Appeals. (*Id*.)

But Plaintiff did not seek to appeal the First Case in the Court of Appeals. Instead, she filed this case, which once again appears to challenge the same 2020 SSI application at issue in the First and Second Cases. (ECF No. 5.) Defendant now seeks dismissal because, in part, Plaintiff's claims are precluded by this Court's prior decisions. (ECF No. 8.)[2]

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(d) provides that if a party includes, and the Court accepts, evidence in support of a motion to dismiss, the motion "must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P 12(d). If the Court converts a motion to dismiss into a motion for summary judgment, the court must give the parties "a reasonable opportunity to present all the material that is pertinent to the motion."  *Id*.

Because the Commissioner submitted, and the Court relies upon, documents not attached to or referred to in the Complaint, the Court analyzes the Commissioner's Motion to Dismiss under the summary judgment standard. *Id.* Plaintiff has had reasonable notice and an opportunity to present material in opposition to the Commissioner's Motion to Dismiss.

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "'The moving party has the initial

---

[2] Because the Court finds that Plaintiff's claims are barred by *res judicata*, it does not reach Defendant's alternative arguments in support of dismissal.

3

burden of proving that no genuine issue of material fact exists,' and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (quoting *Vaughn v. Lawrenceburg Power Sys.,* 269 F.3d 703, 710 (6th Cir. 2001)); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the court may "consider the fact undisputed for purposes of the motion").

The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. Rule 56(e)). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citation omitted). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, . . . there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

### III.    ANALYSIS

Defendant contends that Plaintiff's claims are barred by *res judicata*. (Def.'s Motion to Dismiss 4–6, ECF No. 8.) The Court agrees.

Under the doctrine of *res judicata*, or claim preclusion, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. U.S.*, 440 U.S. 147, 153 (1979). "The purpose of *res judicata* is to promote the finality of judgments, and thereby increase certainty, discourage multiple litigation, and conserve judicial resources." *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981).The United States Court of Appeals for the Sixth Circuit has explained that *res judicata* requires proof of the following four elements: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995).

All four elements are satisfied. First, the dismissal of Plaintiff's First Case constitutes a final judgment on the merits. Although the dismissal Order in the First Case did not expressly state that it was a judgment was on the merits, Federal Rule of Civil Procedure 41(b) provides that, unless otherwise specified, an involuntary dismissal operates as an adjudication on the merits, except in circumstances that do not apply here.[3]

The remaining *res judicata* elements are also satisfied. This case involves the same parties as the First Case and concerns the same issues, facts, and causes of action. In both this case and the First Case, Plaintiff challenges Defendant's determination regarding the 2020 SSI application that she filed on behalf of A.H.-S. For these reasons, the doctrine of *res judicata* bars Plaintiff's claims in this action.

---

[3] Moreover, in the Second Case, the Court already determined that the dismissal Order in the First Case constituted a final judgment for *res judicata* purposes. (Order, *Andrena H. o/b/o A.S.H. v. Comm'r of Soc. Sec.*, S.D. Ohio Case No. 1:24-cv-00655, ECF No. 8.) That ruling has a preclusive effect under principles of collateral estoppel.

### IV.    CONCLUSION

For all these reasons, Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's claims are **DISMISSED with prejudice**.

Plaintiff is further **ORDERED** to include the following case numbers in any future Court filings related to the 2020 SSI application that she submitted on behalf of A.H.-S.:

- 1:25-cv-593

- 1:24-cv-655

- 1:22-cv-729

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

6